# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RISO, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREAT AMERICAN INSURANCE | ) |
| COMPANY, GREAT AMERICAN | ) |
| INSURANCE COMPANY OF NEW YORK, | ) |
| GREAT AMERICAN ASSURANCE | ) |
| COMPANY, AND GREAT AMERICAN | ) |
| ALLIANCE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**04 - 12397 GAO**

CIVIL ACTION NO. _____

MAGISTRATE JUDGE Collings

RECEIPT # 60050
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 11/12/04

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, defendants Great American Insurance Company ("Great American"), Great American Insurance Company of New York ("Great American NY"), Great American Assurance Company ("Great American Assurance"), and Great American Alliance Insurance Company ("Great American Alliance") hereby remove the above-captioned action from the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk to the United States District Court for the District of Massachusetts. As grounds for this removal, defendants state as follows:

1.    On October 27, 2004, plaintiff Riso, Inc. ("Riso") filed a civil action against defendants in the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk entitled *Riso, Inc. v. Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company, and Great American Alliance Insurance Company*, Civil Action No. 04-4683 ("the State Court Action"). Copies of all process,

pleadings and orders served upon the defendants in the State Court Action are filed concurrently with this Notice.

2.    The initial pleading setting forth the claim for relief upon which the State Court Action is based is the Complaint, a copy of which is included among the documents filed herewith. Defendants first received the Complaint on October 27, 2004. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after defendants' first receipt of that pleading.

3.    This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court in accordance with 28 U.S.C. § 1441, in that the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

a.    As alleged in the Complaint, plaintiff, at the time the State Court Action was commenced, was a corporation organized under the laws of Massachusetts, with its principal place of business in Danvers, Massachusetts.

b.    At the time the State Court Action was commenced, defendants Great American Alliance, Great American Assurance and Great American were corporations organized under the laws of Ohio, with their principal places of business in Cincinnati, Ohio.

c.    At the time the State Court Action was commenced, defendant Great American NY was a corporation organized under the laws of New York with its principal place of business in Cincinnati, Ohio.

d.    Plaintiff seeks in its Complaint in the State Court Action relief that, if granted, will cause defendants to incur damages well in excess of $75,000.

4.    In accordance with Local Rule 81.1(a), defendants will file certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries therein, including a copy of this Notice of Removal, with this Court within thirty (30) days after filing of this Notice.

5.    In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, defendants will give written notice thereof to plaintiff and will file a copy of such notice with the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk in the State Court Action.

WHEREFORE, defendants Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company, and Great American Alliance Insurance Company respectfully request that this action be removed from the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk to the United States District Court for the District of Massachusetts.

Respectfully submitted,

GREAT AMERICAN ALLIANCE INSURANCE
COMPANY, GREAT AMERICAN ASSURANCE
COMPANY, GREAT AMERICAN INSURANCE
COMPANY AND GREAT AMERICAN
INSURANCE COMPANY OF NEW YORK

By their attorneys,

A. Hugh Scott (BBO#449160)
Robert A. Kole (BBO#633269)
CHOATE HALL & STEWART
Exchange Place, 53 State Place
Boston, MA 02109-2804
Tel:  (617) 248-5000
Fax:  (617) 248-4000

Richard H. Nicolaides, Jr.
Mary F. Licari
Sarah E. Eversman
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel:  (312) 762-3100
Fax:  (312) 762-3200

Dated:  November 12, 2004

158938

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON:

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
C.A. No. 04-4683

| | | |
|---|---|---|
| RISO, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| GREAT AMERICAN INSURANCE COMPANY | ) | |
| OF NEW YORK, GREAT AMERICAN | ) | |
| ASSURANCE COMPANY, AND GREAT | ) | |
| AMERICAN ALLIANCE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**RECEIVED**

OCT 27 2004

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

### Introduction

Plaintiff, Riso Inc. ("Riso"), seeks a declaration that the defendant insurance companies were obligated to defend and indemnify Riso in connection with a lawsuit titled *Modesto City Schools, et al. v. Riso, Inc., et al.*, No. Civ. S 99-2214 DFL DAD (E.D. Cal., filed Nov. 5, 1999) ("*Modesto*"). Riso also seeks breach-of-contract damages from the defendants for their failure to defend and indemnify Riso in the *Modesto* litigation.

### Parties

1.    Riso is a Massachusetts corporation with its principal place of business in Danvers, Massachusetts.

2.    On information and belief, defendant Great American Insurance Company ("GAIC") is an Ohio corporation with its principal place of business in Ohio. GAIC is licensed to sell insurance in Massachusetts.

3.    On information and belief, defendant Great American Insurance Company of New York (formerly known as American National Fire Insurance Company) ("GAICNY") is a New York corporation with its principal place of business in Ohio.  GAICNY is licensed to sell insurance in Massachusetts.

4.    On information and belief, defendant Great American Assurance Company (formerly known as Agricultural Insurance Company) ("GAAC") is an Ohio corporation with its principal place of business in Ohio.  GAAC is licensed to sell insurance in Massachusetts.

5.    On information and belief, defendant Great American Alliance Insurance Company (formerly known as American Alliance Insurance Company) ("GAAIC") is an Ohio corporation with its principal place of business in Ohio.  GAAIC is licensed to sell insurance in Massachusetts.

### Jurisdiction

6.    The defendants are subject to the jurisdiction of this Court pursuant to G.L. c. 223A, § 3.

### Facts

7.    GAICNY issued to Riso a combination insurance policy bearing Policy No. MAC 800-69-20-00, effective from August 1, 1994 to August 1, 1995, that included primary commercial general liability ("CGL") insurance.

8.    GAIC issued to Riso a combination insurance policy bearing Policy No. MAC 800-69-20-02, effective from August 1, 1995 to August 1, 1996, that included primary CGL insurance.

- 2 -

9.    GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 124-18-64-00, effective from August 1, 1996 to August 1, 1997 that included primary CGL insurance.

10.    GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 124-18-64-01, effective from August 1, 1997 to August 1, 1998 that included primary CGL insurance.

11.    GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 377-22-25-01, effective from August 1, 1998 to August 1, 1999 that included primary CGL insurance.

12.    GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 377-22-25-02, effective from August 1, 1999 to August 1, 2000 that included primary CGL insurance.

13.    The insurance policies identified in paragraphs 7 through 12, above, are referred to hereinafter as "the Great American CGL policies."

14.    GAICNY issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 800-69-23-00, effective from August 1, 1994 to August 1, 1995.

15.    GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 800-69-23-01, effective from August 1, 1995 to August 1, 1996.

16.    GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 124-18-67-00, effective from August 1, 1996 to August 1, 1997.

17.    GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-01, effective from August 1, 1997 to August 1, 1998.

18.    GAAIC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-01, effective from August 1, 1998 to August 1, 1999.

19.    GAAIC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-04, effective from August 1, 1999 to August 1, 2000.

20.    The insurance policies identified in paragraphs 14 through 19, above, are referred to hereinafter as "the Great American Umbrella policies." The Great American CGL policies and the Great American Umbrella policies are referred to collectively as "the Great American policies."

21.    While the Great American CGL policies do not all use the same policy forms, each provides the same basic coverage for "Personal Injury" caused by an "offense" arising out of the insured's business.

22.    The Great American CGL policies state, or substantially state, that GAIC "will pay those sums that the Insured becomes legally obligated to pay as damages because of 'personal injury' . . . to which this coverage part applies," and GAIC will "have the right and duty to defend any 'suit' seeking those damages."

23.    "This insurance," the Great American CGL policies state, or substantially state, "applies to . . . 'personal injury' caused by an offense arising out of your business, . . . but only if the offense was committed . . . during the policy period."

24.    The Great American CGL policies define "personal injury" to mean, among other things, "injury, other than bodily injury, arising out of . . . [o]ral or written publication of material that . . . disparages a person's or organization's goods, products or services."

25.    The Great American Umbrella policies provide insurance, *inter alia*, for "those sums in excess of 'underlying insurance' . . . that the 'Insured' becomes legally obligated to pay as damages because of 'injury' caused by an 'occurrence' to which this insurance applies."

26.    The Great American CGL policies were among the "underlying insurance" policies listed in the Great American Umbrella policies.

27.    The Great American Umbrella policies define "injury" to mean, *inter alia*, "personal injury."

28.    The Great American Umbrella policies define "personal injury" to mean, among other things, "injury, other than 'bodily injury,' arising out of . . . [o]ral or written publication of material that . . . disparages a person's or organization's goods, products or services."

29.    Riso is a distributor of Risograph digital-duplicating machines, parts, and supplies.

30.    In November 1999, two California school districts commenced the *Modesto* litigation as a purported class action on behalf of all public schools and school districts in the United States that own or lease Risographs purchased or leased from Riso or its dealers.

31.    The original and amended complaints in *Modesto* contained antitrust and unfair-competition claims against Riso. These claims alleged a conspiracy – originating in or around October 1994 – between Riso and its dealers to "create, preserve and enhance Riso's monopoly power" in the retail markets for Risograph service and supplies through, among other things, the routine, indiscriminate, and false disparagement of non-Riso services and supplies.

32.    The *Modesto* litigation invoked GAIC and GAICNY's duty to defend under the Great American CGL policies because the lawsuit alleged damages due to "personal injury" arising out of publication of disparaging material about another's goods, products or services.

33.    Riso notified the defendants about the *Modesto* litigation.

34.    GAIC and GAICNY refused to defend Riso in the *Modesto* litigation.

35.    The defendants disclaimed any obligation to indemnify Riso with respect to any settlement of or judgment in the *Modesto* litigation.

36.    Riso defended the *Modesto* litigation at its own expense.

37.    Riso settled the *Modesto* litigation with its own funds.  Payments made by Riso pursuant to this settlement exceeded the per occurrence and general aggregate limits of any of the individual Great American CGL policies.

38.    The defendants were obligated to indemnify Riso for the settlement of the *Modesto* litigation because the settlement was attributable to allegations of "offenses" falling within the "personal injury" coverage of the Great American policies.

39.    All conditions precedent to suit and recovery have been met.

## Count I
## (Breach of Contract)

40.    Riso realleges paragraphs 1-39.

41.    The Great American policies constitute binding contracts of insurance.

42.    All premiums due under the Great American policies have been paid.

43.    Riso has given due performance under the Great American policies.

44.    GAIC and GAICNY wrongfully refused to defend the *Modesto* litigation, and the defendants wrongfully disclaimed any duty to indemnify Riso in connection with the

- 6 -

*Modesto* litigation and wrongfully refused to reimburse Riso for the amounts paid by Riso in settling the *Modesto* litigation.

45. Because of the defendants' breaches of their obligations under the Great American policies, Riso has suffered damages.

## Count II
## (Declaratory Judgment)

46. Riso realleges paragraphs 1-45.

47. An actual and substantial controversy exists between the parties concerning the existence and extent of GAIC and GAICNY's obligation to defend and the defendants' duty to indemnify Riso in connection with the *Modesto* litigation.

48. This real and immediate controversy over present rights has caused substantial monetary loss to Riso.

49. Riso is entitled to a judgment declaring that GAIC and GAICNY had a duty to defend the *Modesto* litigation, and that the defendants had a duty to indemnify Riso for the amounts paid in settlement thereof.

## Requested Relief

WHEREFORE, Riso asks the Court to:

(A) Enter judgment on Count I in an amount equal to the damages that Riso has incurred as a result of the defendants' breaches of their obligations under the Great American policies, plus interest.

(B) Enter judgment on Count II by declaring that GAIC and GAICNY are liable under the Great American CGL policies to reimburse Riso for the attorneys' fees and expenses Riso incurred in defending the *Modesto* litigation, and that the

- 7 -

defendants are liable to reimburse Riso for the full amount of the payment Riso made to settle the *Modesto* litigation.

(C)    Award Riso its costs and attorneys' fees incurred in connection with this litigation.

(D)    Award Riso any further relief that the Court deems just and proper.

## Jury Trial Demand

RISO DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

RISO, INC.,

By its attorneys,

Martin C. Pentz (BBO # 394050)
Eric P. Magnuson (BBO # 643805)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated:  October 27, 2004

1373110.2

- 8 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only). <u>Riso, Inc. v. Great American Ins. Co.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

 [ ]    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

 [ ]    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

 [XX]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

 [ ]    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

 [ ]    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

<u>Great American Alliance Ins. Co. v. Riso Inc.  04-12260 GAO</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES [X]     NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                            YES [ ]     NO [XX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES [ ]     NO [XX]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES [ ]     NO [XX]

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                            YES [ ]     NO [XX]

   A.   If yes, in which division do <u>all</u> of the non-governmental parties reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [XX]       Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                            YES [ ]     NO [XX]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Robert A. Kole

ADDRESS   Choate, Hall & Stewart, 53 State Street, Exchange Place, Boston, MA 02109

TELEPHONE NO.   617-248-5000

(Coversheetlocal.wpd - 10/17/02)

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**, Riso, Inc.

**DEFENDANTS**, Great American Ins. Co., Great American Ins. Co. of NY, Great American Assurance Co., Great American Alliance Ins. Co.

**(b)** County of Residence of First Listed Plaintiff    Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Hamilton, OH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Martin C. Pentz
Nutter, McClennen & Fish LLP
155 Seaport Blvd.
Boston, MA 02110    (617) 493-2253

Attorneys (If Known)
Robert A. Kole
Choate, Hall & Stewart
53 State Street, Exchange Place
Boston, MA 02109    (617) 248-5000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a removal, pursuant to the Court's diversity jurisdiction (28 U.S.C. Section 1332) of Plaintiff's claim for breach of contract and declaratory judgment arising from various insurance policies issued by the Defendants to the Plaintiff.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE    George A. O'Toole
Great Am. All. Ins. Co., et al. v. Riso, Inc., et al.
DOCKET NUMBER    04-12260 GAO

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____