**CHOATE, HALL & STEWART**

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

PETER B. MOORES
DIRECT DIAL: (617) 248-4089
EMAIL: PMOORES@CHOATE.COM

November 19, 2004

**BY HAND**

Clerk of Court
United States District Court
  for the District of Massachusetts
United States Courthouse
One Courthouse Way
Boston, MA  02210

RE:   Riso, Inc. v. Great American Ins. Co. et al., Civil Action 04-12397

Dear Sir/Madam:

Enclosed for filing in accordance with Local Rule 81.1. please find the Certified Pleadings from the Commonwealth's Suffolk Superior Court in the matter of Riso, Inc. v. Great American Ins. Co. et al., Civil Action No. 04-4683. Upon inspection, the Court will find that Pleading #3 "Motion for Appointment of Thomas Savage of Disinterested Parties, Inc. as Special Process Server" is not included within the Certified Pleadings. The undersigned represents that he has contacted the Clerk for the Superior Court, and neither the Clerk nor her colleagues can locate the Motion. Counsel for Great American will continue to seek the Motion with the Clerk.

Please acknowledge receipt of these documents by date-stamping the enclosed copy of this letter and returning it to me via the waiting messenger.

Thank you for your assistance.

Sincerely,

Peter B. Moores

w/encl.
cc:   Richard H. Nicolaides, Jr., Esq. (by overnight mail)
      Martin C. Pentz, Esq. (w/encl. by hand)
      A. Hugh Scott, Esq.

3771352v1

*Suffolk Superior Civil # 04-4683*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RISO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| | ) | |
| GREAT AMERICAN INSURANCE | ) | 04 - 12397 GAO |
| COMPANY, GREAT AMERICAN | ) | |
| INSURANCE COMPANY OF NEW YORK, | ) | |
| GREAT AMERICAN ASSURANCE | ) | |
| COMPANY, AND GREAT AMERICAN | ) | |
| ALLIANCE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, defendants Great American Insurance Company ("Great American"), Great American Insurance Company of New York ("Great American NY"), Great American Assurance Company ("Great American Assurance"), and Great American Alliance Insurance Company ("Great American Alliance") hereby remove the above-captioned action from the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk to the United States District Court for the District of Massachusetts. As grounds for this removal, defendants state as follows:

1.  On October 27, 2004, plaintiff Riso, Inc. ("Riso") filed a civil action against defendants in the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk entitled *Riso, Inc. v. Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company, and Great American Alliance Insurance Company*, Civil Action No. 04-4683 ("the State Court Action"). Copies of all process,

Respectfully submitted,

GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

By their attorneys,

Richard H. Nicolaides, Jr.
Mary F. Licari
Sarah E. Eversman
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: (312) 762-3100
Fax: (312) 762-3200

A. Hugh Scott (BBO#449160)
Robert A. Kole (BBO#633269)
CHOATE HALL & STEWART
Exchange Place, 53 State Place
Boston, MA 02109-2804
Tel: (617) 248-5000
Fax: (617) 248-4000

Dated: November 12, 2004

158938

HEREBY ATTEST AND CERTIFY ON
NOV. 15, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY,_____

ASSISTANT CLERK.

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 11/12/04

4

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                   SUPERIOR COURT
                                                                                                          C.A. NO. 04-4683

| | |
|---|---|
| RISO, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| GREAT AMERICAN INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, GREAT AMERICAN ASSURANCE COMPANY, AND GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### NOTICE OF FILING OF
### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, defendants Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company, and Great American Alliance Insurance Company have filed a Notice of Removal, a copy of which is attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(d), of this civil action from the Superior Court of the Commonwealth of Massachusetts in and for the County of Suffolk to the United States District Court for the District of Massachusetts.

Respectfully submitted,

GREAT AMERICAN ALLIANCE INSURANCE COMPANY, GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY AND GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

By their attorneys,

Richard H. Nicolaides, Jr.
Mary F. Licari
Sarah E. Eversman
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: (312) 762-3100
Fax: (312) 762-3200

A. Hugh Scott (BBO#449160)
Robert A. Kole (BBO#633269)
CHOATE HALL & STEWART
Exchange Place, 53 State Place
Boston, MA 02109-2804
Tel: (617) 248-5000
Fax: (617) 248-4000

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 11/12/04

2

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT<br>C.A. No. _____<br>04-4653 B LS |
| RISO, INC., )<br>             )<br>    PLAINTIFF, )<br>             )<br>V.           )<br>             )<br>GREAT AMERICAN INSURANCE COMPANY, )<br>GREAT AMERICAN INSURANCE COMPANY )<br>OF NEW YORK, GREAT AMERICAN )<br>ASSURANCE COMPANY, AND GREAT )<br>AMERICAN ALLIANCE INSURANCE )<br>COMPANY, )<br>             )<br>    DEFENDANTS. )<br>             ) | **COMPLAINT AND<br>JURY DEMAND** |

### Introduction

Plaintiff, Riso Inc. ("Riso"), seeks a declaration that the defendant insurance companies were obligated to defend and indemnify Riso in connection with a lawsuit titled *Modesto City Schools, et al. v. Riso, Inc., et al.*, No. Civ. S 99-2214 DFL DAD (E.D. Cal., filed Nov. 5, 1999) ("*Modesto*"). Riso also seeks breach-of-contract damages from the defendants for their failure to defend and indemnify Riso in the *Modesto* litigation.

### Parties

1.   Riso is a Massachusetts corporation with its principal place of business in Danvers, Massachusetts.

2.   On information and belief, defendant Great American Insurance Company ("GAIC") is an Ohio corporation with its principal place of business in Ohio. GAIC is licensed to sell insurance in Massachusetts.

3.  On information and belief, defendant Great American Insurance Company of New York (formerly known as American National Fire Insurance Company) ("GAICNY") is a New York corporation with its principal place of business in Ohio. GAICNY is licensed to sell insurance in Massachusetts.

4.  On information and belief, defendant Great American Assurance Company (formerly known as Agricultural Insurance Company) ("GAAC") is an Ohio corporation with its principal place of business in Ohio. GAAC is licensed to sell insurance in Massachusetts.

5.  On information and belief, defendant Great American Alliance Insurance Company (formerly known as American Alliance Insurance Company) ("GAAIC") is an Ohio corporation with its principal place of business in Ohio. GAAIC is licensed to sell insurance in Massachusetts.

### Jurisdiction

6.  The defendants are subject to the jurisdiction of this Court pursuant to G.L. c. 223A, § 3.

### Facts

7.  GAICNY issued to Riso a combination insurance policy bearing Policy No. MAC 800-69-20-00, effective from August 1, 1994 to August 1, 1995, that included primary commercial general liability ("CGL") insurance.

8.  GAIC issued to Riso a combination insurance policy bearing Policy No. MAC 800-69-20-02, effective from August 1, 1995 to August 1, 1996, that included primary CGL insurance.

9. GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 124-18-64-00, effective from August 1, 1996 to August 1, 1997 that included primary CGL insurance.

10. GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 124-18-64-01, effective from August 1, 1997 to August 1, 1998 that included primary CGL insurance.

11. GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 377-22-25-01, effective from August 1, 1998 to August 1, 1999 that included primary CGL insurance.

12. GAICNY issued to Riso a combination insurance policy bearing Policy No. PAC 377-22-25-02, effective from August 1, 1999 to August 1, 2000 that included primary CGL insurance.

13. The insurance policies identified in paragraphs 7 through 12, above, are referred to hereinafter as "the Great American CGL policies."

14. GAICNY issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 800-69-23-00, effective from August 1, 1994 to August 1, 1995.

15. GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 800-69-23-01, effective from August 1, 1995 to August 1, 1996.

16. GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 124-18-67-00, effective from August 1, 1996 to August 1, 1997.

17. GAAC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-01, effective from August 1, 1997 to August 1, 1998.

18. GAAIC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-01, effective from August 1, 1998 to August 1, 1999.

19. GAAIC issued to Riso a commercial umbrella insurance policy bearing Policy No. UMB 377-22-28-04, effective from August 1, 1999 to August 1, 2000.

20. The insurance policies identified in paragraphs 14 through 19, above, are referred to hereinafter as "the Great American Umbrella policies." The Great American CGL policies and the Great American Umbrella policies are referred to collectively as "the Great American policies."

21. While the Great American CGL policies do not all use the same policy forms, each provides the same basic coverage for "Personal Injury" caused by an "offense" arising out of the insured's business.

22. The Great American CGL policies state, or substantially state, that GAIC "will pay those sums that the Insured becomes legally obligated to pay as damages because of 'personal injury' . . . to which this coverage part applies," and GAIC will "have the right and duty to defend any 'suit' seeking those damages."

23. "This insurance," the Great American CGL policies state, or substantially state, "applies to . . . 'personal injury' caused by an offense arising out of your business, . . . but only if the offense was committed . . . during the policy period."

24. The Great American CGL policies define "personal injury" to mean, among other things, "injury, other than bodily injury, arising out of . . . [o]ral or written publication of material that . . . disparages a person's or organization's goods, products or services."

25. The Great American Umbrella policies provide insurance, *inter alia*, for "those sums in excess of 'underlying insurance' . . . that the 'Insured' becomes legally obligated to pay as damages because of 'injury' caused by an 'occurrence' to which this insurance applies."

26. The Great American CGL policies were among the "underlying insurance" policies listed in the Great American Umbrella policies.

27. The Great American Umbrella policies define "injury" to mean, *inter alia*, "personal injury."

28. The Great American Umbrella policies define "personal injury" to mean, among other things, "injury, other than 'bodily injury,' arising out of . . . [o]ral or written publication of material that . . . disparages a person's or organization's goods, products or services."

29. Riso is a distributor of Risograph digital-duplicating machines, parts, and supplies.

30. In November 1999, two California school districts commenced the *Modesto* litigation as a purported class action on behalf of all public schools and school districts in the United States that own or lease Risographs purchased or leased from Riso or its dealers.

31. The original and amended complaints in *Modesto* contained antitrust and unfair-competition claims against Riso. These claims alleged a conspiracy – originating in or around October 1994 – between Riso and its dealers to "create, preserve and enhance Riso's monopoly power" in the retail markets for Risograph service and supplies through, among other things, the routine, indiscriminate, and false disparagement of non-Riso services and supplies.

32. The *Modesto* litigation invoked GAIC and GAICNY's duty to defend under the Great American CGL policies because the lawsuit alleged damages due to "personal injury" arising out of publication of disparaging material about another's goods, products or services.

33. Riso notified the defendants about the *Modesto* litigation.

34. GAIC and GAICNY refused to defend Riso in the *Modesto* litigation.

35. The defendants disclaimed any obligation to indemnify Riso with respect to any settlement of or judgment in the *Modesto* litigation.

36. Riso defended the *Modesto* litigation at its own expense.

37. Riso settled the *Modesto* litigation with its own funds. Payments made by Riso pursuant to this settlement exceeded the per occurrence and general aggregate limits of any of the individual Great American CGL policies.

38. The defendants were obligated to indemnify Riso for the settlement of the *Modesto* litigation because the settlement was attributable to allegations of "offenses" falling within the "personal injury" coverage of the Great American policies.

39. All conditions precedent to suit and recovery have been met.

### Count I
### (Breach of Contract)

40. Riso realleges paragraphs 1-39.

41. The Great American policies constitute binding contracts of insurance.

42. All premiums due under the Great American policies have been paid.

43. Riso has given due performance under the Great American policies.

44. GAIC and GAICNY wrongfully refused to defend the *Modesto* litigation, and the defendants wrongfully disclaimed any duty to indemnify Riso in connection with the

*Modesto* litigation and wrongfully refused to reimburse Riso for the amounts paid by Riso in settling the *Modesto* litigation.

45. Because of the defendants' breaches of their obligations under the Great American policies, Riso has suffered damages.

### Count II
### (Declaratory Judgment)

46. Riso realleges paragraphs 1-45.

47. An actual and substantial controversy exists between the parties concerning the existence and extent of GAIC and GAICNY's obligation to defend and the defendants' duty to indemnify Riso in connection with the *Modesto* litigation.

48. This real and immediate controversy over present rights has caused substantial monetary loss to Riso.

49. Riso is entitled to a judgment declaring that GAIC and GAICNY had a duty to defend the *Modesto* litigation, and that the defendants had a duty to indemnify Riso for the amounts paid in settlement thereof.

### Requested Relief

WHEREFORE, Riso asks the Court to:

(A) Enter judgment on Count I in an amount equal to the damages that Riso has incurred as a result of the defendants' breaches of their obligations under the Great American policies, plus interest.

(B) Enter judgment on Count II by declaring that GAIC and GAICNY are liable under the Great American CGL policies to reimburse Riso for the attorneys' fees and expenses Riso incurred in defending the *Modesto* litigation, and that the

defendants are liable to reimburse Riso for the full amount of the payment Riso made to settle the *Modesto* litigation.

(C) Award Riso its costs and attorneys' fees incurred in connection with this litigation.

(D) Award Riso any further relief that the Court deems just and proper.

### Jury Trial Demand

RISO DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

RISO, INC.,

By its attorneys,

Martin C. Pentz (BBO # 394050)
Eric P. Magnuson (BBO # 643805)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Dated: October 27, 2004

I HEREBY ATTEST AND CERTIFY ON

NOV. 15, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____
      ASSISTANT CLERK.

1373110.2

- 8 -