IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RISO, INC.,

Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, GREAT AMERICAN ASSURANCE COMPANY, and GREAT AMERICAN ALLIANCE INSURANCE COMPANY,

Defendants.

Case No. 04-12397 GAO

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSE

Defendants Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company and Great American Alliance Insurance Company, answer the complaint of RISO, Inc. as follows:

### INTRODUCTION

The allegations in the Introduction to plaintiff's complaint purport to characterize the relief the plaintiff seeks from the defendants. The plaintiff's complaint speaks for itself and, therefore, no answer is required. To the extent a response is deemed required, the defendants deny said allegations.

### PARTIES

1. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of plaintiff's complaint and, therefore, denies the allegations.

2. Defendant Great American Insurance Company admits the allegations in Paragraph 2 of plaintiff's complaint. The remaining defendants are without knowledge sufficient

to form a belief as to the truth of the allegations in Paragraph 2 of plaintiff's complaint and, therefore, deny the allegations.

3. Defendant Great American Insurance Company of New York admits the allegations in Paragraph 3 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of plaintiff's complaint and, therefore, deny the allegations.

4. Great American Assurance Company admits the allegations in paragraph 4 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 of plaintiff's complaint and, therefore, deny the allegations.

5. Great American Alliance Insurance Company admits the allegations in Paragraph 5 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of plaintiff's complaint and, therefore, deny the allegations.

**JURISDICTION**

6. Defendants admit the allegations in Paragraph 6 of plaintiff's complaint.

**FACTS**

7. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. MAC 800-69-20-01 (not Policy No. MAC 800-69-20-00) to RISO, Inc., the terms of which speak for itself, and therefore, defendant denies the remaining allegations in Paragraph 7 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of plaintiff's complaint and, therefore, deny the allegations.

8. Great American Insurance Company admits that it issued Policy No. MAC 800-69-20-02 to RISO, Inc., the terms of which speak for itself, and therefore, defendant denies the remaining allegations in Paragraph 8 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of plaintiff's complaint and, therefore, deny the allegations.

9. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. PAC 124-18-64-00 to RISO, Inc., the terms of which speak for itself and, therefore, defendant denies the remaining allegations contained in Paragraph 9 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of plaintiff's complaint and, therefore, deny the allegations.

10. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. PAC 124-18-64-01 to RISO, Inc., the terms of which speak for itself and, therefore, defendant denies the remaining allegations contained in Paragraph 10 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of plaintiff's complaint and, therefore, deny the allegations.

11. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. PAC 377-22-25-00 (not Policy No. PAC-22-25-01) to RISO, Inc., the terms of which speak for itself and, therefore, denies the remaining allegations contained in Paragraph 11 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of plaintiff's complaint and, therefore, deny the allegations.

12. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. PAC 377-22-25-02 to RISO, Inc., the terms of which speak for itself and, therefore, denies the remaining allegations contained in Paragraph 12 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of plaintiff's complaint and, therefore, deny the allegations.

13. The allegations contained in Paragraph 13 of plaintiff's complaint assert no facts against the defendants and, therefore, no response is required.

14. Great American Insurance Company of New York admits that American National Fire Insurance Company issued Policy No. UMB 800-69-23-00 to RISO, Inc., the terms of which speak for itself and, therefore, denies the remaining allegations contained in Paragraph 14 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of plaintiff's complaint and, therefore, deny the allegations.

15. Great American Assurance Company admits that Agricultural Insurance Company issued Policy No. 800-69-23-01 to RISO, Inc., the terms of which speak for itself and, therefore, denies the remaining allegations contained in Paragraph 15 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of plaintiff's complaint and, therefore, deny the allegations.

16. Great American Assurance Company admits that Agricultural Insurance Company issued Policy No. 124-18-67-00 to RISO, Inc., the terms of which speak for itself and, therefore, the defendant denies the remaining allegations contained in Paragraph 16 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the

truth of the allegations in Paragraph 16 of plaintiff's complaint and, therefore, deny the allegations.

17. Great American Assurance Company admits that Agricultural Insurance Company issued Policy No. 1-24-18-67-00 (not Policy No. 377-22-28-01) to RISO, Inc., the terms of which speak for itself and, therefore, the defendant denies the remaining allegations contained in Paragraph 17 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of plaintiff's complaint and, therefore, deny the allegations.

18. Great American Alliance Insurance Company admits that American Alliance Insurance Company issued Policy No. UMB 3-77-22-28-02 (not Policy No. UMB 3-77-22-28-01) to RISO, Inc., the terms of which speak for itself and, therefore, the defendant denies the remaining allegations contained in Paragraph 18 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of plaintiff's complaint and, therefore, deny the allegations.

19. Great American Alliance Insurance Company admits that American Alliance Insurance Company issued Policy No. UMB 3-77-22-28-04 to RISO, Inc., the terms of which speak for itself and, therefore, the defendant denies the remaining allegations contained in Paragraph 19 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of plaintiff's complaint and, therefore, deny the allegations.

20. The allegations contained in Paragraph 20 of plaintiff's complaint assert no facts against the defendants and, therefore, no response is required.

21. The defendants deny the allegations contained in Paragraph 21 of plaintiff's complaint.

22. The terms of the policies the plaintiff refers to as the "Great American CGL policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 22 of plaintiff's complaint.

23. The terms of the policies the plaintiff refers to as the "Great American CGL policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 23 of plaintiff's complaint.

24. The terms of the policies the plaintiff refers to as the "Great American CGL policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 24 of plaintiff's complaint.

25. The terms of the policies the plaintiff refers to as the "Great American Umbrella policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 25 of plaintiff's complaint.

26. The terms of the policies the plaintiff refers to as the "Great American CGL policies" and the "Great American Umbrella policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 26 of plaintiff's complaint.

27. The terms of the policies the plaintiff refers to as the "Great American Umbrella policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 27 of plaintiff's complaint.

28. The terms of the policies the plaintiff refers to as the "Great American Umbrella policies" speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 28 of plaintiff's complaint.

29. Upon information and belief, the defendants admits the allegations in Paragraph 29 of plaintiff's complaint.

30. The allegations in paragraph 30 of plaintiff's complaint are based on other complaints, the terms of which speak for themselves and, therefore, the defendants deny the allegations contained in Paragraph 30 of plaintiff's complaint.

31. The allegations in Paragraph 31 of plaintiff's complaint are based on other complaints, the terms of which speak for themselves and, therefore, the defendants deny the allegation in Paragraph 31 of plaintiff's complaint.

32. The defendants deny the allegations in Paragraph 32 of plaintiff's complaint.

33. Defendants admit only that they have notice of certain information relating to the "*Modesto* litigation." To the extent the plaintiff, in Paragraph 33 of the plaintiff's complaint, suggests that it has complied with all conditions under the defendants' policies, the defendants deny such allegations.

34. Great American Insurance Company and Great American Insurance Company of New York admit that they have no duty to defend RISO with respect to the "*Modesto* litigation."

35. The defendants admit that they have no obligation to indemnify RISO with respect to any settlement or judgment of the "*Modesto* litigation."

36. The defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 of plaintiff's complaint.

37. The defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 of plaintiff's complaint.

38. The defendants deny the allegations in Paragraph 38 of plaintiff's complaint.

39. The defendants deny the allegations in Paragraph 39 of plaintiff's complaint.

**Count I**
**(Breach of Contract)**

40. The defendants repeat and incorporate by reference, as if fully set forth herein, its answers to Paragraphs 1 through 39 of plaintiff's complaint.

41. The allegation set out in Paragraph 41 of plaintiff's complaint is a conclusion of law to which no answer is required. Further, the plaintiff does not define "Great American policies" and, therefore, the defendants deny the allegations in Paragraph 41 of plaintiff's complaint.

42. The plaintiff does not define "Great American policies" and, therefore, the defendants deny the allegations in Paragraph 42 of plaintiff's complaint.

43. The defendants deny the allegations in Paragraph 43 of plaintiff's complaint.

44. Great American Insurance Company and Great American Insurance of New York deny the allegations in Paragraph 44 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 of plaintiff's complaint and, therefore, deny the allegations.

45. Great American Insurance Company and Great American Insurance of New York deny the allegations in Paragraph 45 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 of plaintiff's complaint and, therefore, deny the allegations.

**Count II**
**(Declaratory Judgment)**

46. The defendants repeat and incorporate by reference, as if fully set forth herein, its answers to Paragraphs 1 through 45 of plaintiff's complaint.

47. Great American Insurance Company and Great American Insurance of New York admit only that a controversy exists between the defendants and the plaintiff and deny all

remaining allegations in Paragraph 47 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 of plaintiff's complaint and, therefore, deny the allegations

48. The defendants deny the allegations in Paragraph 48 of plaintiff's complaint.

49. Great American Insurance and Great American Insurance of New York deny the allegations in Paragraph 49 of plaintiff's complaint. The remaining defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 of plaintiff's complaint and, therefore, deny the allegations

**Affirmative Defense**

Defendants have no obligation to defend, indemnify or reimburse any defense or indemnity costs of the plaintiff in connection with the underlying *Modesto* litigation, because said suit does not does not give rise to a claim for "personal injury" within the meaning of the defendants' policies.

WHEREFORE, Defendants Great American Insurance Company, Great American Insurance Company of New York, Great American Assurance Company and Great American Alliance Insurance Company request that this Court enter judgment in their favor and against RISO declaring and adjudicating that:

(a) the Defendants have no duty or obligation to defend, reimburse defense costs or pay any sums whatsoever to or on behalf of RISO, past, present and future, relating to the defense of the Underlying Action;

(b) the Defendants have no duty or obligation to indemnify RISO for any judgment, settlement, sum or other amount whatsoever, past, present or future, relating to the Underlying Action; and

(c) the Defendants are entitled to such other and further relief as this Court deems just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY**

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, GREAT AMERICAN ASSURANCE COMPANY, and GREAT AMERICAN ALLIANCE INSURANCE COMPANY

By their Attorneys,

A. Hugh Scott (BBO#449160)
Robert A. Kole (BBO#633269)
CHOATE HALL & STEWART
Exchange Place, 53 State Place
Boston, MA 02109-2804
Tel: (617) 248-5000
Fax: (617) 248-4000

Richard H. Nicolaides, Jr.
Mary F. Licari
Sarah E. Eversman
BATES & CAREY LLP
191 N. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: (312) 762-3210
Fax: (312) 762-3200

Date December 13, 2004

161278

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 12/13/04